UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No: 2:11-cr-37-FtM-CEH-UAM

FRANCESCO E. MILETO,

    Defendant,

    and

IBERIABANK,

    Garnishee.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    **I.**    **Introduction**

This cause is before the Court on CRE Venture 2011-2, LLC's ("CRE Venture") Motion to Intervene in Garnishment (Doc. 68) filed on July 30, 2013. CRE Venture is requesting the Court to declare that the debt evidenced by the funds in certain accounts subject to the Iberiabank writ of garnishment identified in CRE Venture's motion are due to CRE Venture, and to enter a final judgment of garnishment directing Iberiabank to disburse the sum of $158,933.29, less the garnishee's attorney's fees and costs, to CRE Venture. (Doc. 68 p. 8). On August 20, 2013, the United States filed a Response to CRE Venture's Motion to Intervene and Motion for Entry of Final Order of Garnishment (Doc. 72) providing that the United States does not oppose CRE Venture's intervention nor CRE Venture's garnishment of the specific

accounts to which it claims an interest.  For the reasons explained below, the Court respectfully recommends that CRE Venture's Motion to Intervene in Garnishment be **GRANTED**.

## II. Background

On October 27, 2011, a Judgment in a Criminal Case (Doc. 40) was entered against Defendant requiring that Defendant pay $65,214,491.00 in restitution.  On February 22, 2013, the Court issued a Writ of Garnishment (Doc. 50) to Iberiabank for certain identified accounts in collection of Defendant's restitution judgment.  Iberiabank responded to the Writ of Garnishment on April 2, 2013, and identified approximately $170,793.32 in funds held in various account titled in the name of various property management companies for which Defendant was the authorized signer.  On July 20, 2013, CRE Venture filed the instant Motion to Intervene in Garnishment, alleging a superior interest in some of the accounts identified by Iberiabank.

## III. Discussion

CRE Venture asserts that debts evidenced by the following accounts maintained by Iberiabank are actually due to CRE Venture: 1) Ventura Gainesville ($8,500.63); Woodchase ($959.08; $4,302.63); Confederate Point ($23,150.00); Silversmith Creek ($13,790.00); Commons on Anniston ($7,058.12; $33,348.00); Morningside ($10,534.84; $14,652.93); and In The Pines ($3,881.29; $38,755.77).  CRE Venture argues that its security interest in these accounts arise by virtue of one or more of the following: (1) as holder of a collateral assignment of security which includes the account and proceeds derived from the Properties; (2) as a judgment creditor of Defendant and Centurion Property Management Group II, LLC; or (3) as holder of assignments of rents and security agreements given by borrowers of loans owned by CRE Venture.

As stated above, the United States does not oppose CRE Venture's intervention nor CRE Venture's garnishment of the specific accounts to which it claims an interest. The United States requests that the Court enter a Final Order in Garnishment in favor of the United States with respect to the remaining accounts in the name of Long Beach Square Property Management, LLC.

Pursuant to 28 U.S.C. § 3205(c)(7), "After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as is practicable." In this case, Defendant has withdrawn his objection to Iberiabank's Answer to the Writ of Garnishment and has waived his appearance at any hearings on this garnishment. There is no disagreement between CRE Ventures and the United States that $158,933.29 is due to CRE Ventures. Additionally, CRE Ventures is not claiming any interest in, and does not oppose the United States' garnishment of the remaining accounts, Long Beach Square ($1,941.39; $5,050.63) and Serenity at Tuskawilla Condominium Association ($4,808.01).

For these reasons,

**IT IS RESPECTFULLY RECOMMENDED:**

1) That CRE Venture 2011-2, LLC's ("CRE Venture") Motion to Intervene in Garnishment (Doc. 68) be **GRANTED**.

2) That the Court enter a Final Order in Garnishment directing Iberiabank to disburse the sum of $158,933.29, less the garnishee's attorney's fees and costs, to CRE

Venture and disbursing the remaining accounts in the name of Long Beach Square Property Management, LLC to the United States.

**Respectfully recommended** in Chambers in Fort Myers, Florida on August 28, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties